IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

KATHERINE BERG,

        Plaintiff,

v.

COLORADO DEPARTMENT OF HIGHER EDUCATION,

        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Comes now, Plaintiff Katherine Berg, who makes her Complaint and Jury Demand as follows:

**PARTIES**

1. Plaintiff Katherine Berg is a resident of the United States who, at all times relevant to the facts described in this Complaint, had anxiety and depression, a disability recognized under the Americans with Disability Act.

2 Defendant, Colorado Department of Higher Education (also referred to herein as the "Defendant" or "Employer") is a department of the State of Colorado and has an address of 1600 Broadway, Denver, Colorado, 80202.

**JURISDICTION AND VENUE**

3. This Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331.

4. On August 7, 2018 Ms. Berg timely filed a discrimination charge with the Colorado Civil Rights Division ("CCRD"), which was cross filed with the United States Equal

Employment Opportunity Commission ("EEOC"). After more than 100 days without any action, the CCRD and EEOC issued a Notice of Right to Sue on April 3, 2018.

5. This venue is appropriate pursuant to 28 U.S.C. 1391(b)(1) because all defendants are located in Colorado.

## GENERAL ALLEGATIONS

6. Ms. Berg was unlawfully discriminated against because of her disabilities (anxiety and depression) in violation of the Colorado Anti-Discrimination Act (CADA) and the Federal Americans with Disabilities Act.

7. Ms. Berg began her employment with the Respondent on or about September 15, 2015.

8. Shortly after she was hired, in November 2015, Ms. Berg was diagnosed with depression and anxiety and began taking medication. Ms. Berg did not tell her employer about her diagnosis at that time, and despite that diagnosis was able to thrive and advance in her career, up until the day she told her employer about her diagnosis, at which point she was quickly terminated within weeks.

9. From the beginning of her employment, right up until her termination, Ms. Berg was a model employee.

10. In 2015 Ms. Berg was one of five individuals in her department to participate in an "Emerging Leaders" academy and was recommended for a salary increase noting she was "doing a great job and has showed a lot of growth over the past year."

11. For the review periods September 2015 through March 31, 2016 and April 1, 2016 through March 31, 2017, Ms. Berg earned scores ranging from "Commendable" to "Outstanding" on her performance reviews.

12. When Ms. Berg's supervisor took a maternity leave from October of 2017 through January of 2018, Ms. Berg was chosen to take Ms. Banker's duties in addition to her own.

13. In the winter of 2018, the department began planning a restructuring and Ms. Berg was immediately identified as the employee who would be promoted to Grant Manager in the new structure.

14. Also in the winter of 2018, Ms. Berg's grandparents passed away in quick succession, triggering a relapse of her depression and anxiety symptoms. Ms. Berg cried in work on a few occasions after that, started feeling a general dissatisfaction with all aspects of her life, and exhibited other symptoms of depression and anxiety. Ms. Berg also took a limited number of allowed and approved personal days.

15. On March 28, 2018 Ms. Berg was offered and accepted a promotion to the position of Student Success Network Manager, and at all times performed satisfactorily.

16. On or about April 13, 2018, Ms. Berg disclosed to her supervisor Shelly Banker ("Banker") that she was suffering from anxiety and depression, that she had been diagnosed, and that she started again taking medication for her disability.

17. Ms. Berg also told her supervisor at that time that she was planning to enter Defenant's employee assistance program.

18. Ms. Berg also disclosed her disabilities to Chief Academic Affairs and Student Success Officer Kimberly Poast ("Poast") and to Human Relations Manager Cindy Langan ("Langan").

19. On or about April 24, 2018, just three weeks after promoting Ms. Berg for her outstanding work and job performance, bet less than two weeks after Ms. Berg informed her employer of her disability, Defendant discharged Ms. Berg.

20. Symptoms of anxiety and depression include a depressed mood, diminished interest or pleasure in daily activities, fatigue and loss of energy. See, *Diagnostic and Statistical Manual of Mental Disorders: **DSM-5***. 5th ed., American Psychiatric Association, 2013.

21. Defendant stated it was discharging Ms. Berg not because of any job related performance issues, but rather because Ms. Berg was "not happy," a reference to her mental state and display of emotions at work caused by her disabilities.

22. At the time of her termination, Ms. Poast told Ms. Berg they "want the happy-go-lucky Kate back" and told her "we can't have you crying at your desk every day."

23. Post termination, Ms. Poast, admitted that the decision to terminate Ms. Berg was made because "…we wanted her to be passionate about her work." Ms. Poast stated that she observed Ms. Berg to be "curt and disinterested" and that she was not "very excited" at her job, did not appear to have a "positive attitude" and that Ms. Berg seemed "unhappy" at work.

24. Ms. Banker, Ms. Berg's immediate supervisor, likewise admitted Ms. Berg was fired due to her disability. Ms. Banker attempted to characterize Ms. Berg's termination as a favor to help Ms. Berg, stating "[t]he Colorado Department of Higher Education placed Ms. Berg

on administrative leave until May 15, 2018, for the purpose of helping Ms. Berg transition to work she felt more satisfying."

25. Ms. Berg was never allowed the option to use the employee assistance program as other employees were. Ms. Berg was denied the opportunity to continue performing the outstanding work she had done for three years simply because she was exhibiting symptoms of "unhappiness", "lack of enthusiasm" and other symptoms of anxiety and depression.

26. As a result of Defendant's actions, Ms. Berg has suffered damages.

**FIRST CLAIM FOR RELIEF**
Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*

27. Ms. Berg incorporates all other paragraphs of this Complaint as if fully set forth herein.

28. The Americans with Disabilities Act prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

29. Because depression and anxiety substantially limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the ADA.

30. Plaintiff was fully qualified to be a Student Success Network Manager and could perform all the functions of that position. Plaintiffs work performance was praised, and she was promoted to that position

31. Defendant is a covered employer to which the ADA applies.

32. Defendant terminated Plaintiff from her employment solely because she informed it that she was receiving treatment for depression and anxiety.

33. After being informed by Plaintiff of her disability, Defendant made no assessment to determine whether Plaintiff could perform the essential functions of her job, or whether a reasonable accommodation would enable her to continue her employment as a Student Success Network Manager, as is required by the ADA.

34. Defendants termination and disqualification of Plaintiff on the basis of her disability and Defendants' failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the ADA.

35. As a result of Defendant's actions, Ms. Berg has suffered and will continue to suffer both economic and non-economic harm.

**SECOND CLAIM FOR RELIEF**
Colorado Anti-discrimination Act, 24-34-402, *et. seq*.

36. Ms. Berg incorporates all other paragraphs of this Complaint as if fully set forth herein.

37. The Colorado Anti-discrimination Act declares it an unfair employment practice for an employer to "refuse to hire, to discharge, to promote or demote, to harass during the course of employment, or to discriminate in matters of compensation, terms, conditions or privileges of employment against any person otherwise qualified because of disability. . . . " C.R.S. § 24-34-402.

38. Because depression and anxiety substantially limits at least one of Plaintiff's major life activities, Plaintiff is an individual with a disability under the Act.

39. Plaintiff was fully qualified to be a Student Success Network Manager and could perform all the functions of that position. Plaintiffs work performance was praised, and she was promoted to that position

40. Defendant is a covered employer to which the Act applies.

41. Defendant terminated Plaintiff from her employment solely because she was receiving treatment for depression and anxiety.

42. After being informed by Plaintiff of her disability, Defendant made no individual assessment to determine whether Plaintiff could perform the essential functions of her job, or whether a reasonable accommodation would enable her to continue her employment as a Student Success Network Manager, as is required by the ADA.

43. Defendants termination and disqualification of Plaintiff on the basis of her disability and Defendants' failure to make an individualized assessment to determine whether Plaintiff could be employed or whether a reasonable accommodation would enable her to be employed by Defendant violated the ADA.

44. As a result of Defendants actions, Ms. Berg has suffered and will continue to suffer both economic and non-economic harm.

### JURY DEMAND

Ms. Berg demands trial to a jury.

WHEREFORE, Plaintiff requests the Court enter judgment in her favor and against defendants for back pay, front pay, compensatory and consequential damages, including for emotional distress, pre- judgment and post-judgment interest, attorney fees and costs, and for any other relief the Court deems just under the circumstances.

Dated this 25th day of June, 2018.

                                                **COAKLEYKROL, LLC**

                                                *s/ Eric R. Coakley*

                                                _____

                                                2373 Central Park Blvd. - Suite 100
                                                Denver, CO 80230
                                                (303)803-1611
                                                coakley@coakleykrol.com
                                                no facsimile number

                                                Counsel for Plaintiff